867 F.2d 615
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Trinidad DE CORCUERA, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 88-3407.
 United States Court of Appeals, Federal Circuit.
 Jan. 11, 1989.
Rehearing Denied March 9, 1989.
 
 Before BISSELL, Circuit Judge, NICHOLS, Senior Circuit Judge, and ARCHER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The final decision of the Merit Systems Protection Board (Board), Docket No. SE08318810193, affirming the Office of Personnel Management's (OPM) denial of Trinidad De Corcuera's survivor annuity application, is affirmed.
 
 OPINION
 
 2
 OPM's interpretation of the Civil Service Retirement Act, 5 U.S.C. Secs. 8301-8351 (1982 & Supp. IV 1986), "should be followed unless there are compelling indications that it is wrong." Money v. Office of Personnel Management, 811 F.2d 1474, 1477 (Fed.Cir.1987). OPM has determined that only Philippine Insular Government service prior to November 15, 1935, will be credited towards the 5-year requirement of 5 U.S.C. Sec. 8333. Federal Personnel Manual Supplement 831-1, Appendix C-4. The Commonwealth of the Philippines was established on November 15, 1935, and total independence was granted on July 4, 1946. During the intermittent period, the Philippines was a semi-autonomous country, generally controlling its internal affairs. As part of the preparation for independence, Congress intended that Philippine civil servants be separate from the United States government. Accordingly, we find nothing that compels us to conclude that OPM's determination is wrong.
 
 
 3
 "[T]he Board has not acted arbitrarily, capriciously, outside the law, or abused its discretion in placing the burden of proving entitlement" on De Corcuera. Cheeseman v. Office of Personnel Management, 791 F.2d 138, 141 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987). De Corcuera failed to meet that burden before the Board. Nothing indicates that the deceased ever held a federal position or ever paid retirement contributions.
 
 
 4
 We sympathize with spouses like De Corcuera "who now find themselves in a very unfortunate set of circumstances." Id. Nevertheless, we recognize that the judiciary's role is merely to interpret the applicable law. Id. It is up to Congress to remedy any injustice in its application. Id.